

HAYWARD
P L L C

10501 N. CENTRAL EXPRESSWAY
SUITE 106    DALLAS, TX 75231
972.755.7100 (MAIN/FAX)
WWW.HAYWARDFIRM.COM

ZACHERY Z. ANNABLE
972.755.7108 (DIRECT)
ZAnnable@HaywardFirm.com

March 6, 2023

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals
for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:    *NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones, LLP, et al.,* **Case No. 22-10575**
*The Dugaboy Investment Trust v. Highland Capital Management, L.P.*, **Case No. 22-10960**
**Notice of Supplemental Authority**

Dear Sir:

Under Federal Rule of Appellate Procedure 28(j), and as counsel to the appellees in the two appeals referenced above, we write to inform the Court of new authority from this Court directly bearing on the sole issue on appeal in the above-referenced cases, both tentatively scheduled for oral argument during the week of May 1, 2023.

On February 28, 2023, this Court issued its *per curiam* opinion in *The Dugaboy Investment Trust v. Highland Capital Management, L.P.*, Case No. 22-10831 (attached to this letter). In that case, this Court summarily affirmed the District Court's dismissal of Dugaboy's appeal because Dugaboy lacked prudential standing, following this Court's established precedent. *See In re Technicool Sys., Inc.*, 896 F.3d 382 (5th Cir. 2018), *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363 (5th Cir. 2015), and *In re Coho Energy Inc.*, 395 F.3d 198 (5th Cir. 2004).

The sole issue on appeal in both Case No. 22-10575 and Case No. 22-10960 is whether appellants possess prudential standing—the identical issue adjudicated in Case No. 22-10831. All three cases arise from Highland Capital Management's Chapter 11 bankruptcy case and involve the District Court's dismissal of appellants' appeals for lack of prudential standing. The appellant in Case No. 22-10960, Dugaboy, was the appellant in Case No. 22-10831. The appellant in Case No. 22-10575, NexPoint Advisors, is an affiliate of Dugaboy, as both entities are owned and controlled by James Dondero (who owns or controls the appellants in **nine** appeals (so far) presently or recently before this Court arising from the Highland bankruptcy case).





Sincerely,

Zachery Z. Annable

Attachment

cc:    Douglas S. Draper
        Kristin H. Jain
        Samuel A. Schwartz

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2023

Lyle W. Cayce
Clerk

No. 22-10831
Summary Calendar

IN THE MATTER OF HIGHLAND CAPITAL MANAGEMENT, L.P.

*Debtor*,

_____

THE DUGABOY INVESTMENT TRUST,

*Appellant*,

*versus*

HIGHLAND CAPITAL MANAGEMENT, L.P.,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-2268

Before HIGGINBOTHAM, GRAVES, and HO *Circuit Judges*.

PER CURIAM:*

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Appellant Dugaboy Investment Trust[1] ("Dugaboy") appeals the district court's order dismissing, for lack of prudential standing, its appeal of the bankruptcy court's order denying its Motion to Compel Compliance with Bankruptcy Rule 2015.3. For the following reasons, we affirm.

I.

Appellee Highland Capital Management, L.P. ("Highland")—previously headed by James Dondero—filed for Chapter 11 bankruptcy in October 2019. Subsequent years of litigation ensued, much of which involved the respective rights and obligations of Highland's estate, creditors and parties in interest. A minor (0.1866 percent) limited partnership interest in Highland was held by Dugaboy, a family trust for Dondero.

In January 2021, Highland filed its reorganization plan—the *Fifth Amended Plan of Organization of Highland Capital Management, L.P.* (the "Plan"). The next month, at the Plan's confirmation hearing, Dugaboy brought up the issue of Highland's non-compliance with Bankruptcy Rule 2015.3's requirement that debtors submit "periodic financial reports of the value, operations, and profitability" of each non-debtor entity in which the debtor "holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(a). Despite Dugaboy's protests, the bankruptcy court entered the Confirmation Order and approved the Plan on February 22, 2021. Dugaboy's interest was consequently terminated under the confirmed plan.

On April 29, 2021, raising the same argument, Dugaboy filed its Motion to Compel Compliance with Bankruptcy Rule 2015.3 with the bankruptcy court. However, before the court ruled on the motion, the Plan became effective on August 11, 2021. Accordingly, the bankruptcy court denied the motion as moot on September 6, 2021. Dugaboy filed its notice of appeal of the order on September 22, 2021.

---

[1] Get Good Trust also moved for the motion to compel. However, it decided not to appeal the decision before this court.

On August 8, 2022, the district court dismissed the appeal for lack of jurisdiction. In doing so, it held that Dugaboy lacked standing because it was no longer a creditor and did not have a claim in the estate, and therefore lacked a financial injury flowing from the order. This appeal followed.

## II.

"We review the decision of a district court, sitting in its appellate capacity, by applying the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *In re ASARCO, L.L.C.*, 650 F.3d 593, 600 (5th Cir. 2011). Conclusions of law are reviewed *de novo*, as are mixed questions of law and fact. *In re Quinlivan*,434 F.3d 314, 318 (5th Cir.2005). "Standing is a question of law that we review de novo." *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018).

## III.

"[S]tanding to appeal a bankruptcy court order is, of necessity, quite limited." *In re Dean*, 18 F.4th 842, 844 (5th Cir. 2021). To determine whether a party has standing in these cases, courts use the "person aggrieved" test. *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015). "The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing." *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). This test "demands a higher causal nexus between act and injury; appellant must show that he was directly and adversely affected pecuniarily by the order of the bankruptcy court in order to have standing to appeal." *Id.* at 203 (internal quotation marks and citation omitted). "This restriction narrows the playing field, ensuring that only those with a direct, financial stake in a given order can appeal it." *Technicool Sys., Inc.*, 896 F.3d at 386.

Upon reviewing the record, we agree that Dugaboy fails to meet these requirements. Dugaboy cannot, and does not, point to any direct pecuniary harm. Instead, it argues that Rule 2015.3 grants it standing because the rule is designed to help prepetition creditors provide a complete accounting between the debtor and its non-debtor affiliates. Thus, Dugaboy's main

argument is that, if the bankruptcy court had required Highland to submit reports under Rule 2015.3, Dugaboy could have used that information to discover whether there were any claims against the estate that arose from transactions between Highland and its non-debtor affiliates. The mere possibility of harm, however, does not satisfy the person aggrieved standard. *Technicool Sys., Inc.*, 896 F.3d at 386 (holding that the owner of a debtor company in a Chapter 7 bankruptcy could not object to an order approving the hiring of special counsel because the order would not affect the debtor company's discharge); *Fortune Nat. Res. Corp.*, 806 F.3d at 366 (holding that a creditor did not have bankruptcy standing to object to an order approving the sale of assets because the creditor would be in the same position financially, whether or not the bankruptcy court approved the sale).

Even assuming an injury occurred, any potential pecuniary harm to Dugaboy is indirect. Several events would have to occur before money is put back into Dugaboy's pocket. As the district court aptly explained: "It is unclear how post-dated reports disclosing years-old facts could lead to any direct recovery by a creditor, let alone recovery by a non-creditor with a purported ownership in non-debtor affiliates." Thus, the district court properly found that Dugaboy lacked standing.

In a last-ditch effort to avoid dismissal, Dugaboy contends that it has standing under 11 U.S.C. § 1109(b). We will not consider this argument, which is raised for the first time on appeal. *See XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008).

We therefore conclude that the district court correctly dismissed Dugaboy's appeal for lack of appellate standing.

AFFIRMED.